**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ANH QUACH,<br><br>　　　　　Plaintiff(s),<br>　v.<br><br>BANK OF AMERICA, NATIONAL ASSOCIATION, et. al.,<br><br>　　　　　Defendant(s). | CASE NO. 5:12-cv-05037 EJD<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION**<br><br>[Docket Item No(s). 2] |

## I.　INTRODUCTION

Presently before the Court is Plaintiff Anh Quach's ("Plaintiff") ex parte Motion for a Temporary Restraining Order ("TRO") and Order to Show Cause for Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65. See Docket Item No. 2. Specifically, Plaintiff seeks an order enjoining Defendants Bank of America, National Association, U.S. Bank, National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust Series 2007-1, and Mortgage Electronic Registration Systems, Inc. ("MERS") from conducting a trustee sale on October 1, 2012.[1]

Federal jurisdiction arises pursuant to 28 U.S.C. § 1332. The court finds this matter suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b). Plaintiff's Motion will be

---

[1] The court refers to these entities collectively as "Defendants" in this Order.

1

Case No. 5:12-cv-05037 EJD
ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

denied for the reasons explained below.

## II. LEGAL STANDARD

The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009).

As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

"These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases." Big Country Foods, Inc. v Board of Educ. of the Anchorage School Dist., 868 F.2d 1085, 1088 (9th Cir. 1989). But "[u]nder either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury." See id.

## III. DISCUSSION

The court has reviewed Plaintiff's pleadings as well as all of the documentation provided but finds injunctive relief inappropriate because (1) Plaintiff has not demonstrated a likelihood to succeed on the merits, and (2) the balance of equities do not tip in Plaintiff's favor.

### A. Likelihood of Success on the Merits

Plaintiff does not dispute that she agreed to repay a loan as evidenced by the Deed of Trust attached to the Complaint. See Complaint ("Compl."), Docket Item No.1, at p. 4; Ex. A. Nor can

Case No. 5:12-cv-05037 EJD
ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND ORDER TO
SHOW CAUSE FOR PRELIMINARY INJUNCTION

Plaintiff reasonably dispute that, at some point, she failed in her contractual obligation to make payments according to the Deed of Trust. Instead, Plaintiff challenges the foreclosure proceedings which stem from her failure to pay based on one basic premise: "Plaintiff alleges that Defendants are third-party strangers to her mortgage loan and have not ownership interest entitling them to collect payment, declare a default or exercise a power of sale under a deed of trust." See id. at p. 3. She also contends that "as California statutory requirements and prescribed rules governing the [securitized] trust were violated, the securitization of Plaintiff's loan failed leaving [Defendants] without any legal or equitable interest in Plaintiff's mortgage." See id. at p. 4.

Plaintiff's allegations do not support a likelihood of success on the merits for many reasons. First, district courts have consistently rejected general theories of liability based on securitization of a mortgage-related debt. See, e.g., Lane v. Vitek Real Estate Indus. Grp., 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) ("[T]he argument that parties lose their interest in a loan when it is assigned to a trust pool has also been rejected by many district courts."); Hague v. Wells Fargo Bank, N.A., No. 3:11-cv-02366-THE, 2011 U.S. Dist. LEXIS 140122, at *16, 2011 WL 6055759 (N.D. Cal. Dec. 6, 2011) ("To the extent that Plaintiffs' claims rely on the securitization of the loan . . . into a mortgage-backed security, there is no merit to the contention that securitization renders the lender's loan in the property invalid."); Wadhwa v. Aurora Loan Servs., LLC, No. S-11-1784 KJM KJN, 2011 U.S. Dist. LEXIS 73949, at *9-10, 2011 WL 2681483 (E.D. Cal. July 8, 2011), Kimball v. BAC Home Loans Servicing, LP, No. 10-CV-05670 LHK, 2011 U.S. Dist. LEXIS 17751, at *4, 2011 WL 577418 (N.D. Cal. Feb. 9, 2011); Marty v. Wells Fargo Bank, No. CIV S-10-0555 GEB DAD PS, 2011 U.S. Dist. LEXIS 29686, at *20-21, 2011 WL 1103405 (E.D. Cal. Mar. 22, 2011) ("[P]laintiff also claims that the 'securitization' of the note was an improper conversion and alteration of the note and deed of trust, undertaken without his consent and rendering the mortgage and Deed of Trust unenforceable against him. This claim is frivolous, has no support in the law and should be dismissed with prejudice.").

Second, "[t]here is no legal authority that the sale or pooling of investment interests in an underlying note can relieve borrowers of their mortgage obligation or extinguish a secured party's

3
Case No. 5:12-cv-05037 EJD
ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

rights to foreclose on secured property." Taylor v. CitiMortgage, Inc., 2010 U.S. Dist. LEXIS 119808, at *9, 2010 WL 4683881 (D. Utah Nov. 10, 2011) (internal quotations omitted); see also Rosas v. Carnegie Mortg. LLC, CV 11-7692 CAS (CWx), 2012 U.S. Dist. LEXIS 71262, at *27, 2012 WL 1865480 (C.D. Cal. May 21, 2012); see also Rodenhurst v. Bank of America, 773 F. Supp. 2d 886, 899 (D. Haw. 2011).

Third, Plaintiff does not have standing to allege violations of the Pooling and Servicing Agreement which governs the securitized trust as a basis to challenge Defendants' ability to foreclose. Bernardi v. JPMorgan Chase Bank, N.A., No. 5:11-cv-04212 EJD, 2012 U.S. Dist. LEXIS 85666, at *6-7, 2012 WL 2343679 (N.D. Cal. June 20, 2012).

Fourth, the documents attached to the Complaint appear to directly contradict Plaintiff's allegation that Defendants lack the ability to foreclose. In that regard, Plaintiff executed a Deed of Trust for $508,000 in favor of First Franklin Financial Corp. on January 5, 2007, which designated Fidelity National Title Company as trustee and MERS as the beneficiary "solely as nominee for Lender and Lender's successors and assigns." See Compl., at Ex. A. The Deed of Trust also indicated the "Note . . . can be sold on or more times without prior notice to [Plaintiff]." See id.

On or about September 30, 2009, MERS recorded an assignment which transferred Plaintiff's Deed of Trust to "U.S. Bank, National Association, as successor trustee to Bank of America, N.A. as successor by merger to LaSalle Bank N.A., as trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-1" (the "MBS Trust"). See id. at Ex. C. On or about September 10, 2009, First American Loanstar Trustee Services ("First American") issued a Notice of Default, and MERS then substituted First American as the trustee on October 19, 2009. See id. at Exs. C, D. A trustee's sale was scheduled for January 4, 2010, but eventually rescinded. See id. at F, G.

On August 24, 2011, MERS substituted another trustee, Recontrust Company, N.A. ("Recontrust"), recorded another assignment transferring Plaintiff's Deed of Trust to the MBS Trust, and recorded a Notice of Default indicating that Plaintiff owed $119,624.34 as of August 22, 2011. See id. at H, K, L. A new Notice of Trustee's Sale was then recorded on December 1, 2011.

What is apparent from these documents is that MERS, pursuant to its role as beneficiary under Plaintiff's Deed of Trust for the original lender as well as its successors, recorded all of the documents necessary to commence the foreclosure process. According to express language of the Deed of Trust, MERS was vested with the right to foreclose and could assign such right to subsequent trustees. Courts that have previously examined Deeds of Trust containing this exact language have routinely found that "MERS had the right to assign its beneficial interest to a third party." Baisa v. Indymac Fed. Bank, No. CIV-09-1464 WBS JMF, 2009 U.S. Dist. LEXIS 103444, at *8-11, 2009 WL 3756682 (E.D. Cal. Nov. 6, 2009); see also, e.g., Roybal v. Countrywide Home Loans, Inc., No. 2:10-CV-750-ECR-PAL, 2010 U.S. Dist. LEXIS 131287, at *11, 2010 WL 5136013 (D. Nev. Dec. 9, 2010) ("there is a near consensus among district courts in this circuit that while MERS does not have standing to foreclose as a beneficiary, because it is not one, it does have standing as an agent of the beneficiary where it is the nominee of the lender, who is the true beneficiary"); Morgera v. Countrywide Home Loans, Inc., No. 2:09-cv-01476-MCE-GGH, 2010 U.S. Dist. LEXIS 2037, at *21, 2010 WL 160348 (E.D. Cal. Jan. 11, 2010) ("Courts have consistently found that MERS does in fact have standing to foreclose as the nominee of the lender.") (citations omitted); Gomes v. Countrywide Home Loans, Inc., 192 Cal. App. 4th 1149 (2011) ("'MERS is the owner and holder of the note as nominee for the lender, and thus MERS can enforce the note on the lender's behalf.'") (quoting Morgera, 2010 U.S. Dist. LEXIS 2037, at *22).

Plaintiff takes particular issue with the fact that two assignments to the same securitized trust exist in this record. See Compl., at Exs. C, K. But in light of what appears to be a proper chain of events after the original Notice of Default was rescinded and then re-recorded, the double-assignment appears to be of no moment.

Plaintiff further alleges that "T. Sevillano," the purported employee from MERS who executed the second round of foreclosure recordings, is a robo-signer operating out of foreign country and therefore could not have executed the recorded documents in the locations referenced by the notary designations. She also believes that "T. Sevillano" is actually an employee of ReconTrust, not of MERS, and that the documents bearing her signature may have been forged. The

5
Case No. 5:12-cv-05037 EJD
ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

problem with this argument, at least for the purposes of a TRO, is that Plaintiff's supporting documentation raises nothing more than the *possibility* that "T. Sevillano" actually works from Costa Rica and that her signature was forged on the foreclosure recordings; these documents certainly do not establish that Plaintiff is likely to prevail on this theory. Indeed, the Declaration of Sheheem W. Ali, which relates to a telephone call from June, 2011, does not establish anything about Sevillano's location on the date she apparently signed the documents at issue in this case. See Compl., at Ex. J. The copy of Sevillano's signature from 2007 also fails to establish that signatures were forged on any documents signed in 2011, especially since all the signatures on the collection of later documents seem consistent. See id. at Ex. I. In addition, Plaintiff did not identify relevant legal authority prohibiting Sevillano's potential dual position at Recontrust and MERS to the extent she believes this arrangement is improper. See Bogosian v. CR Title Servs., Inc., No. 5:11-cv-02043 EJD, 2011 U.S. Dist. LEXIS 67930, at *4, 2011 WL 2039368 (N.D. Cal. May 18, 2011); see also Chua v. IB Prop. Holdings, LLC, No. CV 11-05894 DDP (SPx), 2011 U.S. Dist. LEXIS 84683, at *6-7, 2011 WL 3322884 (N.D. Cal. Aug. 1, 2011).

In light of the shortcomings identified above, the court concludes that Plaintiff has failed to establish a likelihood of success on the merits.

### B.   Balance of Equities

The court has made certain observations in examining whether the balance of equities favors Plaintiff.

To begin, the court must be mindful that foreclosure proceedings have commenced against Plaintiff due to her failure to pay according to the terms of the Deed of Trust she executed. For this reason, Plaintiff's complaint of irregularity must be viewed with an eye of inequity.

Furthermore, the court recognizes that this is a request for injunctive relief without notice to Defendants. "[C]ircumstances justifying the issuance of an ex parte order are extremely limited." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). Here, Plaintiff contends that notice to Defendants should be excused because "her law suit will become moot if her property is sold." See Decl. of Christopher P. Epsha, Docket Item No. 5, at ¶ 3. The problem with this

1 representation is that Plaintiff has contributed to the "emergency" situation within which she now
2 finds herself. Plaintiff has been on notice of a potential trustee's sale since December, 2011. She
3 did not commence this case and file this motion until September 27, 2012 - two business days before
4 the date of the sale. See Compl., at Ex. M. "A delay in seeking a preliminary injunction is a factor
5 to be considered in weighing the propriety of relief." <u>Lydo Enters., Inc. v. City of Las Vegas</u>, 745
6 F.2d 1211, 1213 (9th Cir. 1984) (citing <u>Gianni Cereda Fabrics, Inc. v. Bazaar Fabrics, Inc.</u>, 335 F.
7 Supp. 278, 280 (S.D.N.Y. 1971)). The court can only infer from this timing that Plaintiff seeks to
8 avail herself of the expedited and sometimes superficial review given to ex parte requests without
9 opposition. This is not one of those "extremely limited" cases requiring ex parte relief.

10 Accordingly, the court concludes that the equities weigh against Plaintiff. Considering
11 Plaintiff has also not demonstrated a likelihood of success on the merits, any degree of potential
12 irreparable harm or amount of public interest which may favor Plaintiff is outweighed. In addition,
13 Plaintiff has not raised the type of serious questions sufficient to justify a TRO. Her request will
14 therefore be denied.

### IV. ORDER

Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause for Preliminary Injunction (Docket Item No. 2) is DENIED.

**IT IS SO ORDERED.**

Dated: September 28, 2012

EDWARD J. DAVILA
United States District Judge

7
Case No. 5:12-cv-05037 EJD
ORDER DENYING PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION